

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 19, 1947

Hon. Homer D. Eck
County Auditor
Fayette County
La Grange, Texas

Opinion No. V-157

Re: Disposition of road dis-
trict sinking funds.

Dear Sir:

We have received your letter of March 22, 1947,
in which you state that several road districts in Fayette
County have been created and have issued bonds, and that
subsequent thereto all of said obligations have been as-
sumed by the State under the Road Bond Assumption Act
(Article 6674q, Vernon's Civil Statutes). You state that
these districts now have balances in their respective
sinking funds, and in connection therewith you request
the opinion of this department upon the following questions:

"1. May the Commissioners Court spend this
money for the purpose of acquiring
right of way?

"2. If your answer is in the affirmative,
may they pay for same directly from
Sinking Funds and give proper account-
ing therefor?

"3. If question 1 is negatively answered,
then may the Commissioners Court use
such balances to fulfill intent which
district was created. If so, must
warrants issued in payment for services
and supplies be paid directly from
Sinking Fund accounts or must balances
be transferred back to Construction
Fund?"

The road districts were created and the bonds were
issued under the authority of Section 52 of Article III,
Constitution of Texas, and Articles 752a, et seq., Vernon's
Civil Statutes. Said constitutional and statutory pro-
visions authorize the issuance of bonds by road districts
for the purpose of "the construction, maintenance, and
operation of macadamized, graveled or paved roads and turn-
pikes, or in aid thereof" and the levying of a tax in pay-
ment thereof.

It is settled law that moneys in a sinking fund may be used for no other purpose than the one for which it was created.  30Tex. Jur. 457.

Article 752k provides that upon the issuance of bonds the commissioners' court shall levy an ad valorem tax sufficient to pay the bonds at maturity.  Article 752n provides that the tax collector shall collect said taxes and pay them to the county treasurer.  Article 752o provides that the county treasurer is the custodian of such funds, that he shall deposit them with the county depository in the same manner as county funds are deposited, and that he shall promptly pay the interest and principal as it becomes due out of such funds.

Article 839 of Vernon's Civil Statutes provides that the county treasurer shall not honor or pay any draft upon the interest and sinking fund except for the purpose of paying the interest on such bonds, or redeeming the same, or for investment in securities as provided by law.

It is clear, therefore, under the foregoing statutes that the moneys in a sinking fund may be used only for the purpose of paying the interest on and principal of the bonds for which the sinking fund was created, or for investment in securities as provided by law.

You state that the bonds of the various road districts have all been assumed by the State under the Road Bond Assumption Act.  Therefore, we will have to determine whether this fact changes the principle of law announced above.  Section 8 of said Act (Article 6674q-8) provides in part as follows:

" . . . . It is hereby declared that all
eligible indebtedness, as herein defined, shall
remain indebtedness of the respective counties
or defined road districts which issued it, and
said counties or defined road districts shall
remain liable on said indebtedness according to
its terms and tenor; and it is not the purpose
or intention of this Act, or any part thereof,
to obligate the State of Texas, directly or in-
directly or contingently, for the payment of any
such obligations or that the State of Texas
should assume the payment of said obligations,
and this Act is not to be construed as obligating
the State of Texas to the holders of any of said
obligations to make any payment of the same, or

any part thereof, nor shall such holders have
any rights to enforce the appropriation of any of
the moneys hereinabove provided for, nor shall
any provision hereof constitute a contract on
the part of the State to make money available
to any county for the construction of additional
lateral roads . . . ."

Moreover, the recent constitutional amendment
(Article VIII, Sec. 7-a), which provides for funds to
carry out the terms of the Act, provides in part as follows:

"<u>Subject to legislative appropriation, al-
location and direction, all net revenues</u> . . . .
shall be used for the sole purpose of rights-of-
way, constructing, maintaining, and policing such
public roadways, and for the administration of
such laws as may be prescribed by the Legislature
pertaining to the supervision of traffic and
safety on such roads; <u>and for the payment of the
principal and interest on county and road district
bonds or warrants voted or issued prior to
January 2, 1939, and declared eligible prior to
January 2, 1945, for payment out of the County
and Road District Highway fund under existing
law</u>; provided, however, that one-fourth (1/4) of
such net revenues . . . . . <u>Nothing contained here-
in shall be construed as authorizing the pledging
of the State's credit for any purpose.</u>"
(Emphasis added)

We see that the debt remains that of the county
or road district. It is also evident that the funds to
carry out the terms of the Road Bond Assumption Act must
be appropriated every two years before such funds will be
available. It is conceivable that the Legislature may
fail to make an appropriation or that the appropriated funds
may not be sufficient to meet all commitments. It is our
opinion that neither the constitutional amendment nor the
act itself changes the principle announced above relative
to sinking funds.

Your attention is directed to an Act of the Forty-
eighth Legislature (Ch. 116, p. 198) which amended Article
752a to include the following provision:

". . . . . . Provided when the principal and all
interest on said bonds are fully paid, in the
event there is any surplus remaining in the sink-
ing fund, said remaining surplus not used in the

full payment of the principal and interest on said bond or bonds may be used by the county, political subdivision of the county, or any local district that has been or may hereafter be created by any general or special law for the purpose of the construction, maintenance, and operation of macadamized, graveled or paved roads and turnpikes or in the aid thereof as may be determined by the Commissioners Court of any county or the officials of any political subdivision of a county or any said road district."

We answer your first question in the negative, which renders unnecessary an answer to your second question. We answer your third question by saying that the surplus moneys in the respective sinking funds can be used for no purpose other than the payment of interest on and principal of the obligations for which the funds were created, or for investment in securities as provided by law. However, when all principal of and interest on the bonds are fully paid, then surplus moneys in the sinking fund may be used for the purposes authorized by Article 752a, as amended, and it is our opinion that in this instance the statute would authorize drawing the warrants directly against the sinking fund.

## SUMMARY

Surplus moneys in a sinking fund of a road district may not be used to purchase rights-of-way, even though the bonds for which the fund was created have been totally assumed by the State under the Road Bond Assumption Act. The moneys in such sinking fund may be used only to pay the principal of and interest on the obligations for which the fund was created, or for investment in securities as provided by law. However, if a surplus remains in a sinking fund after all principal of and interest on the bonds for which the fund was created have been fully paid, then said surplus may be disposed of in accordance with the provisions of Article 752a, Vernon's Civil Statutes, as amended.

Very truly yours,

ATTORNEY GENERAL OF TEXAS


By s/George W. Sparks
George W. Sparks
Assistant

GWS:s:mrj:wc


APPROVED APR. 23, 1947
s/Price Daniel
ATTORNEY GENERAL